Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABENA LAKSHMI KAMMULA, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br>　vs.<br><br>KELLOGG COMPANY, a Delaware corporation; KELLOGG USA, INC., a Michigan corporation; KELLOGG SALES COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | No. CV09-08102 (MMM) (RZx)<br><br>**CLASS ACTION**<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION<br><br>Date:  March 29, 2010<br>Time: 10:00 A.M.<br>Crtrm: 780<br>Judge: Hon. Margaret M. Morrow |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff's Motion for Class Certification came on regular hearing on March 29, 2010 at 10:00 a.m., before the Margaret M. Morrow of the above captioned court.

The Court, having reviewed the briefs and evidence submitted by the Plaintiff Sabena Lakshmi Kammula ("Plaintiff"), and Defendants Kellogg Company, Kellogg USA, Inc. and Kellogg Sales Company (collectively, "Kellogg" or "Defendants"), the oral arguments of counsel at the hearing, and all other matters on file herein, and good cause appearing, the Court hereby GRANTS Plaintiff's Motion for Class Certification. The Court hereby certifies two California classes under all three causes of action in the Amended Complaint pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) defined as:

The Cocoa Krispies Class consists of:

> All persons residing in the State of California who purchased Cocoa Krispies for personal use and not for resale during the time period June 2009 through the date of certification.

The Rice Krispies Class consists of:

> All persons residing in the State of California who purchased Rice Krispies for personal use and not for resale during the time period June 2009 through the date of certification.

Excluded from the Class are Defendant's officers, directors, and employees, and any individual who received renumeration from the Defendant to act as endorser of the Kellogg's Immunity Cereal.

The Court further orders that Plaintiff Sabena Lakshmi Kammula is appointed class representative and Milstein, Adelman & Kreger, LLP and Whatley, Drake & Kallas, LLC are appointed class counsel.

Specifically, the Court finds:

### A. LEGAL STANDARD

All class actions in federal court must meet the following four prerequisites for class certification:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In addition, a plaintiff must comply with one of three sets of conditions set forth in Rule 23(b). Under Rule 23(b)(1), a class may be maintained if there is either a risk of prejudice from separate actions establishing incompatible standards of conduct or judgments in individual lawsuits would adversely affect the rights of other members of the class. Under Rule 23(b)(2), a plaintiff may maintain a class where the defendant has acted in a manner applicable to the entire class, making injunctive or declaratory relief appropriate. Finally, under Rule 23(b)(3), a class may be maintained where common questions of law and fact predominate over questions affecting individual members and where a class action is superior to other means to adjudicate the controversy.

The decision to grant or deny class certification is within the trial court's discretion. *Yamamoto v. Omiya*, 564 F.2d 1319, 1325 (9th Cir. 1977). In doing so, a trial court is only required to form a reasonable judgment. *Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975). In this regard, "[t]he court is bound to take the substantive allegations of the complaint as true, thus necessarily making the class order speculative in the sense that the plaintiff may be altogether unable to prove his allegations." *Id*. The Court may require the parties to provide additional material from

1  which the Court may make an informed judgment as to each requirement of class
2  certification. *Id.*

### B. PLAINTIFF MEETS THE REQUIREMENTS OF RULE 23(a)

**First**, the proposed class meets the numerosity requirement. "The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.'" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (quoting Fed. R. Civ. P. 23(a)(1)).

Although the number of class members by itself is not dispositive, as a general matter, courts have found that the numerosity requirement is satisfied when class size exceeds 40 members. *See Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000) (citations omitted). Other facts include geographical diversity, ability of individual claimants to institute separate suits, and whether injunctive or declaratory relief is sought. *Jordan v. Los Angeles County*, 669 F.2d 1311, 1319 (9th Cir. 1982).

Here, the proposed class fulfills the numerosity requirement. The amount in controversy of this action exceeds $5 million. Given that each box of Krispies Cereal costs around $3.08 per box (wholesale), the class comprises many tens, if not hundreds, of thousands of California consumers.

**Second**, the Court finds that there are common issues of law and fact. Under Rule 23(a)(2), there must be questions of law and/or fact common to the proposed class. Courts have described the showing needed to meet the commonality requirement as "minimal" and "not high." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998); *accord Mortimore v. FDIC*, 197 F.R.D. 432, 436 (W.D. Wash. 2000).

In assessing commonality, "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019. Additionally, "[t]he commonality test is qualitative rather than quantitative – one significant issue

common to the class may be sufficient to warrant certification." *Dukes v. Wal-Mart, Inc.,* 474 F.3d 1214, 1225 (9th Cir. 2007).

This case is based on uniform misrepresentations made prominently on every box of Kellogg's Immunity Cereal sold to every class member.  Accordingly, it is indisputable that the claims of all class members "stem from the same source." *See Hanlon*, 150 F.3d at 1019-20.  As such, the case can be boiled down to a few common issues that can easily be resolved according to class-wide proof:

> <u>Issue 1:</u>  Did Kellogg claim, on the label of each box, that the Products would "support your child's immunity"?
>
> <u>Issue 2:</u>  Did Kellogg claim, on the label of each box, that the Products contain "25% daily value antioxidants & nutrient"?
>
> <u>Issue 3:</u>  At the time Kellogg made the Immunity Cereals and related representations on its labels (and in its other advertising), did Kellogg have the requisite competent and reliable scientific evidence to substantiate those claims?
>
> <u>Issue 4:</u>  Does Kellogg conduct constitute unfair competition and/or deceptive advertising under applicable law?
>
> <u>Issue 5:</u>  Should Kellogg be permanently enjoined and agree to provide restitution to California consumers?

Accordingly, there is a common core of salient facts and legal issues. Thus, the Rule 23(a)(2) commonality requirement is easily satisfied.

**Third**, the typicality element is satisfied.  "The typicality prerequisite of Rule 23(a) is fulfilled if 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Hanlon*, 150 F.3d at 1020 (*quoting* Fed. R. Civ. P. 23(a)(3)). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of

conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *accord Dukes*, 474 F.3d at 1232.

The Court finds that Plaintiff's claims are identical to the claims of the proposed Class. Plaintiff purchased and used the Immunity Cereals because she believed that the Products "help support [Plaintiff's] child's immunity". *See* Kammula Decl., ¶ 6. Plaintiff's claims pose the same questions of law and fact as the class members and arise from the same label claims that give rise to the claims of the other class members. Plaintiffs suffered the same injury - the loss of the purchase price and seek an injunction on behalf of all Class members. Accordingly, Plaintiff is well-suited to represent the Class and the typicality element is satisfied.

**Finally**, Plaintiff and her counsel are adequate. "The final hurdle interposed by Rule 23(a) is that 'the representative parties will fairly and adequately protect the interests of the class.'" *Hanlon*, 150 F.3d at 1020 (quoting Fed. R. Civ. P. 23(a)(4)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class*?" Id. See also Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *Hanlon*, 150 F.3d at 1021; *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994).

Based upon the evidence submitted, the Court finds Plaintiff and her counsel do not have any conflicts of interest with the proposed class. The Court further finds Plaintiff and her counsel will vigorously prosecute this action and have the resources to do so.

**C.    CERTIFICATION UNDER RULE 23(b)(2) IS APPROPRIATE.**

Pursuant to Rule 23(b)(2), a class action is proper where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). The standard for

certification is minimal, as "[i]t is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole[, e]ven if some class members have not been injured by the challenged practice." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). Although common issues must predominate for class certification under Rule 23(b)(3), no such requirement exists under 23(b)(2). Id.

The court finds that certification under Rule 23(b)(2) is appropriate. Based on the evidence submitted, the court finds that Plaintiff and the class complain of a standard and uniform practice of fraudulent and false claims appearing on the label of the Immunity Cereals that is generally applicable to the Class as a whole.

Plaintiff has demonstrated that her primary goal in bringing this action is to obtain injunctive relief and stop Kellogg's false and misleading label claims regarding. *See* Kammulla Decl., ¶ 12-13. Plaintiff wants to make sure that the labels for the Immunity Cereals are accurate so that users of the Product can know what they are buying and putting in their bodies. *Id.*

The damages component of the claims in this case, though substantial, is secondary to the goal of stopping the false labeling and ensuring Defendants do not use such false statements on the cereal boxes in the future. Compare *Dukes*, 474 F.3d at 1235 (a suit by current and former employees for gender discrimination was primarily motivated by the desire to protect those class members); *Molski v. Gleich*, 318 F.3d 937, 950 (9th Cir. 2003) (primary goal was to end practice of disability discrimination by owner and operator of service stations).

The Court finds that Plaintiff's pre-litigation letter pursuant to California's Consumer Legal Remedies Act (Cal. Civil Code §1750, *et. seq.*), and her requests for specific forms of injunctive relief in both her original Complaint and First Amended Complaint, demonstrate the Plaintiff's primary goal for this action is specific injunctive relief with respect to Kellogg's Products' labeling and advertising. *See* Amended Complaint, Exh. A ("CLRA Letter"); *see also* Amended Complaint at ¶ 79.

Thus, the Court certifies a Rule 23(b)(2) class.

### D.  CERTIFICATION UNDER RULE 23(b)(3) IS APPROPRIATE.

The Court further certifies the class under Rule 23(b)(3). "Subdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 211 (9th Cir. 1975) (quoting Committee notes). A class action may be certified where common questions of law and fact predominate over questions affecting individual members and where a class action is superior to other means to adjudicate the controversy. Fed. R. Civ. P. 23(b)(3).

Here, the Court finds that common issues of law and fact predominate. The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. v. Windsor*, 521 U.S. 591, 623 (1997). The Court must rest its examination on the legal or factual questions of the individual class members. *Hanlon*, 150 F.3d at 1022. "To determine whether common issues predominate, this court must first examine the substantive issues raised . . . and second inquire into the proof relevant to each issue." *Jiminez v. Domino's Pizza, Inc.*, 238 F.R.D. 741, 251 (C.D. Cal. 2006) (citing *Simer v. Rios*, 661 F.2d 655, 672 (7th Cir. 1981)).

This Court finds, however, that common questions of law and fact predominate over individual questions of reliance. In *Vasquez v. Superior Court*, 4 Cal. 3d 800, 814 (1971), the California Supreme Court found that if the plaintiffs "can establish without individual testimony that the representations were made to each plaintiff and that they were false, it should not be unduly complicated to sustain their burden of proving reliance thereon as a common element."

At this stage, the Court need only form a reasonable judgment as to this issue. *Id.* Here, Plaintiff has provided sufficient evidence to demonstrate that she may be able to prove the false representations at trial. Plaintiff has alleged that the product

specific representations were made on the product label. These labels alone would constitute written representations to purchasers. Further, Plaintiff has provided sufficient evidence that the claims made by Defendants on the Immunity Cereals product label are unsubstantiated and therefore presents a genuine, significant, common issue for the trier of fact. This issue will be proven for every purchaser with the same common evidence.

Moreover, in *In re First Alliance Mortgage Co.*, 471 F.3d 977, 989-91 (9th Cir. 2006), the Ninth Circuit upheld the district court's class certification of borrowers alleging consumer fraud. The defendant, First Alliance, argued that class certification was inappropriate because each class member would be required to demonstrate that First Alliance's representations "were conveyed to borrowers in a uniform manner and that the uniform misrepresentations came directly from the written, standardized sales pitch." *Id.* at 990.

Rejecting First Alliance's argument, the Ninth Circuit found that it "is the **underlying scheme** which demands attention. Each plaintiff is similarly situated with respect to it, and it would be folly to force each bond purchaser to prove the nucleus of the alleged fraud again and again." *Id.* at 991 (emphasis added). The relevant test is whether fraud claims stem from a "common course of conduct." *Id.* at 990 (quoting *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975) ("Confronted with a class of purchasers allegedly defrauded over a period of time by similar misrepresentations, courts have taken the common sense approach that the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable, which is not defeated by slight differences in class members' positions.")).

Furthermore, with regard to reliance, the *Vasquez* Court explained that:

The rule in this state and elsewhere is that it is not necessary to show reliance upon false representations by direct evidence. The fact of reliance upon alleged false representations may be inferred from the circumstances attending the transaction which oftentimes afford much

> stronger and more satisfactory evidence of the inducement which prompted the party defrauded to enter into the contract than his direct testimony to the same effect. . . . The requirement that reliance must be justified in order to support recovery may also be shown on a class basis. If the court finds that a reasonable man would have relied upon the alleged misrepresentations, an inference of justifiable reliance by each class member would arise. It should be noted in this connection that a misrepresentation may be the basis of fraud if it was a substantial factor in inducing the plaintiff to act and that it need not be the sole cause of damage.

*Vasquez*, 4 Cal. 3d at 972, 973 n.9 (internal quotations omitted; emphasis supplied).

The Court finds that here, similar to *First Alliance*, and as in *Vazquez* common issues with respect to Kellogg's conduct predominate over any individual issues.

Finally, the Court finds that a class action is superior to individual suits. "A class action is the superior method for managing litigation if no realistic alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996). The following matters are pertinent to the finding of superiority:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in a particular forum; (D) the difficulties likely to be encountered in the management of the litigation.

Fed. R. Civ. P. 23(b)(3)(A)-(D).

First, this Court notes that no realistic alternative exists in this case and that class members would likely prefer to pursue this matter as a class action given that the products sell for approximately $3.08. This is likely not substantial enough to warrant individual actions. Additionally, this is an appropriate forum for the litigation. Fourth, the Court concludes that a California class action pursuant to Rule 23(b)(3) is manageable.

Thus, the Court finds that that superiority argument is satisfied.

### E. THE COURT APPOINTS SABENA LAKSHMI KAMMULA AS CLASS REPRESENTATIVE AND MILSTEIN, ADELMAN & KREGER, LLP AS CLASS COUNSEL.

The Court also appoints Plaintiff Sabena Lakshmi Kammula as representative for the above class. Finally, the Court appoints Milstein, Adelman & Kreger, LLP ("MAK") as class counsel pursuant to Fed. R. Civ. P. 23(g).

### F. CONCLUSION

For the aforementioned reasons, the Court certifies the following class pursuant to Federal Rule of Civil Procedure 23:

(1) a California Rule 23(b)(2) fraud class for injunctive relief;

(2) a California Rule 23(b)(3) UCL (Cal. Bus. & Prof. Code §17200 et seq.) Class;

(3) a California Rule 23(b)(3) CLRA (Cal. Civil Code §1750 et seq.) class;

(4) a California Rule 23(b)(3) FAL (Cal. Bus. & Prof Code §17500 et seq.) Class;

(5) Plaintiff Sabena Lakshmi Kammula is appointed class representative;

(6) Milstein, Adelman & Kreger, LLP and Whatley, Drake & Kallas, LLC are appointed class counsel

**IT IS SO ORDERED.**

DATED:

Hon. Margaret M. Morrow
Judge of the United States District Court
