**MILSTEIN, ADELMAN & KREGER, LLP**
Wayne S. Kreger, State Bar No. 154759
Sara D. Avila, State Bar No. 263213
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

**WHATLEY DRAKE KALLAS**
Joe Whatley, Jr. (*Pro Hac Vice*) NY Bar No. 4406088)
1540 BROADWAY, 37TH FLOOR
NEW YORK , NY 10036
Telephone: (212) 447-7070

**LAW OFFICES OF HOWARD WEIL RUBINSTEIN**
Howard W. Rubinstein (*Pro Hac Vice*) FL Bar No. 104108)
Post Office Box 4839
Aspen, Colorado 81611
Telephone: (832) 715-2788

Attorneys for Plaintiff Sabena Lakshmi Kammula

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABENA LAKSHMI KAMMULA, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br>  vs.<br><br>KELLOGG COMPANY, a Delaware corporation; KELLOGG USA, INC., a Michigan corporation; KELLOGG SALES COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>  Defendants. | No. CV09-08102 (MMM) (RZx)<br><br>CLASS ACTION<br><br>DECLARATION OF WAYNE S. KREGER, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [FED.R.CIV.P. 23]<br><br>[Filed concurrently with Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities; Declaration of Sabena Kammula; [Proposed] Order]<br><br>Date: March 29, 2010<br>Time: 10:00 A.M.<br>Crtrm: 780<br>Judge: Hon. Margaret M. Morrow |

DECLARATION OF WAYNE S. KREGER, ESQ. [CASE NO. CV09-08102 (MMM) (RZx)]

## DECLARATION OF WAYNE S. KREGER

I, Wayne S. Kreger, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the state of California and before this Court and am a senior partner and co-owner in the law firm Milstein, Adelman & Kreger, LLP ("MAK"), counsel for Plaintiff Sabena Kammula. I have personal knowledge of the following matters and, if called to testify concerning them, could do so competently.

2. Plaintiff filed the original Complaint in this action on November 5, 2009. Dkt. 1. The original Complaint only alleged a purported Cocoa Krispies Class.

3. The Complaint was personally served on November 20, 2010. Dkt. 10, 23, 24.

4. Plaintiff filed a first amended complaint ("FAC") on December 9, 2009. Dkt. 14. The first amended complaint added allegations for a sub-class of individuals who purchased Rice Krispies. FAC ¶ 36.

5. Plaintiffs agreed to extend the time for Defendants to respond to the operative complaint. Dkt. 10.

6. Defendants filed an Answer to the First Amended Complaint ("Def. Answer") on or about January 22, 2010. Dkt. 21.

7. Pursuant to Local Rule 23-3, Plaintiff's motion for class certification was due within 90 days of service of the Complaint. Parties stipulated to extend the deadline to a date to be determined at the initial status conference. Dkt. 22. The Court did not sign the proposed order submitted with the stipulation. As such, Plaintiff filed the instant class certification motion.

8. Discovery is continuing in this matter.

9. I am the head of MAK's Complex Litigation group. Over the past eighteen years, I have represented thousands of plaintiffs in numerous complex and class action cases in state and federal courts throughout the country. I am admitted to practice before the United States Supreme Court and am a member of the bars of California, New York, and the District of Columbia.

10. On multiple occasions my office met and conferred with counsel for Defendants Kellogg Co., Kellogg USA, Inc. and Kellogg Sales Co. (collectively, "Kellogg") regarding Plaintiff's Motion for Class Certification over the past several weeks.  Most recently, on February 12, 2010, in accordance with L.R. 7-3, my office met and conferred with attorney Dean Panos, counsel for Defendants, regarding the substance of the Motion for Class Certification.  My office confirmed with Mr. Panos, as we had discussed weeks before, that Plaintiff would move for class certification in accordance with L.R. 23-3.

11. MAK is an experienced class action firm.  MAK specializes in litigating complex cases across a broad range of practice areas, including, construction defect litigation, consumer class actions, corporate fraud, civil rights, employment law, insurance bad faith, inverse condemnation, mass tort, pharmaceutical, product liability, and other high-profile disputes.

12. MAK has particular expertise in litigating false and misleading advertising and label cases involving the same issues as those of the instant case.

13. Over the past several years, MAK has represented many thousands of plaintiffs in over 250 complex actions, recovering over $500 million for its clients.  In the past 3 years, MAK has served as lead or co-lead counsel in several certified class actions, including: *Shaffer v. Continental Casualty Company, et al.,* 2:06-cv-02235-PSG (C.D. Cal.) (class certification aff'd. at D.C. no. 2:06-cv-02235-PSG-PJW); *Heath, et al. v. County of San Bernardino*, EDCV 06-411-VAP (C.D. Cal.); *Abigana, et al. v. Rylock Company Ltd.*, Alameda County, Case No. 2002 076625; *Klotzer, et al. v. International Windows*, Solano County Superior Court Case No. FCS 021196; and *Hufschmidt v. Allstate Insurance Company*, Los Angeles County Superior Court Case No.  BC291782. MAK served as lead counsel in the certified cases *LaRosa v. Nutramerica Corp* (Trimspa). Los Angeles Superior Court, Case No. BC 309427 and was co-lead counsel in *Klyachman, et al. v. The Vitamin Shoppe, et al.,* New Jersey Superior Court Case Number L-1739-07; *Herbert Gelman v. Biotab Nutraceuticals*

2

(Extenze)*, Inc., et al.*, Los Angeles Superior Court Case No. BC415948; *Griar, et al., v. Glaxosmithkline, Inc. et al* (Paxil)., Los Angeles Superior Court Case No. BC288536; *Mary Fallon v. E.T. Browne Drug Co., Inc., et al.* (Palmers), Los Angeles Superior Court Case No. BC411117. I have been appointed by the court as co-lead counsel in the case In Re: Budeprion XL Marketing & Sales Litigation (MDL No. 2107). I am also on the pleadings and class certification committee in the case In Re: Light Cigarettes Marketing and Sales Practices Litigation (MDL No. 2068).

14. Of the above, Trimspa, Extenze, Palmers and Paxil involve the same issues involved in the instance case.

15. MAK has no conflicts of interest and will prosecute this action vigorously on behalf of Plaintiff and the Class.

16. A true and correct copy of the front of the Cocoa Krispies packaging is attached hereto as **Exhibit "1"**.

17. A true and correct copy of the back of the Cocoa Krispies packaging is attached hereto as **Exhibit "2"**.

18. A true and correct copy of the front of the Rice Krispies packaging is attached hereto as **Exhibit "3"**.

19. A true and correct copy of the back of the Rice Krispies packaging is attached as **Exhibit "4".**

20. A true and correct copy of Kellogg's press release regarding the Immunity Cereals is attached hereto as **Exhibit "5."** Kellogg posted this press release on its website and released it to media outlets. The press release is located online at the following website: http://kelloggs.mediaroom.com/index.php?s=43&item=274 (last viewed February 10, 2010).

21. A true and correct copy of the Attorney General of Oregon's press release of the agreement with Kellogg regarding the Immunity Cereals is attached hereto as **Exhibit "6."** According to this press release, the agreement was reached more than a month after Plaintiff filed both her original complaint and amended complaint, and

1  prior to Defendants filing their Answer. The press release is located online at
2  http://www.doj.state.or.us/releases/2009/rel122209.shtml (last viewed February 10,
3  2010).

4  22. Sara D. Avila is an Associate with MAK and concentrates her practice in the
5  area of complex consumer litigation.

6  23. Joe R. Whatley, Jr. is a partner at with Whatley, Drake & Kallas, LLP
7  ("WDK"), and appears in this action *pro hac vice*. Dkt. 9.  WDK is one of the largest
8  plaintiffs' law firms in the United States. Mr. Whatley is admitted to practice law in
9  New York, Alabama and Colorado. WDK is a law firm specializing in class actions
10 and complex litigation.  WDK's class action experience expands through a broad
11 spectrum of practice areas, including consumer fraud and abuse, health care, securities
12 fraud, antitrust and trade regulation, mass torts, and insurance.  Attached hereto as
13 **Exhibit "7"** is a true and correct copy of WDK's resume.

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on February 18, 2010 at Santa Monica, California.

                                          /s/ Wayne S. Kreger
                                          Wayne S. Kreger
                                          Declarant