JENNER & BLOCK LLP
Brent Caslin (Cal. Bar No. 198682)
bcaslin@jenner.com
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
633 West 5th Street, Suite 3500
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile:  (213) 239-5199

JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60635
Dean N. Panos (Admitted *pro hac vice*)
dpanos@jenner.com
Richard P. Steinken (Admitted *pro hac vice*)
rsteinken@jenner.com
Telephone: (312) 222-9350
Facsimile:  (312) 527-0484

Attorneys for Defendants
Kellogg Co., Kellogg USA, Inc., Kellogg Sales Co.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABENA LAKSHMI KAMMULA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> KELLOGG COMPANY, a Delaware corporation; KELLOGG USA, INC., a Michigan corporation; KELLOGG SALES COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive, <br><br> Defendants. | No. CV 09-08102 (MMM) (RZx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** <br><br> [*Ex Parte* Application, Proposed Order, and Declaration of Richard P. Steinken filed concurrently herewith] |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Kellogg Company, Kellogg USA, Inc. and Kellogg Sales Company respectfully submit this *ex parte* motion to seek a 30-day continuance of the April 12, 2010 hearing date for Plaintiff's motion for class certification.  The proposed continuance, if granted, would permit limited but crucial discovery to aid the Court in deciding the class certification motion and would not prejudice the rights of Plaintiff.

## **Factual and Procedural Background**

Counsel for Plaintiff Sabena Lakshmi Kammula filed the first amended complaint on December 9, 2009, claiming that she purchased Defendants' Rice Krispies and Cocoa Krispies in reliance on allegedly inaccurate labeling on the cereal boxes.  Defendants filed their answer on January 22, 2010.

Under Local Rule 23-3, Plaintiff's motion for class certification was due within 90 days of service of her complaint.  At the request of Plaintiff's counsel, Defendants agreed to enter into a joint stipulation asking that the original deadline for filing a motion for class certification be extended to a date to be determined at the initial status conference set for March 29, 2010.  *See* Ex. A; Steinken Decl. ¶ 2.[1]

The parties requested an extension of the deadline for filing the motion for class certification in part because "no discovery on the prerequisites of Rule 23 ha[s] occurred," and accordingly "the parties have not had sufficient time to develop an adequate record to move for, or oppose, class certification."  *Id.* at 2-3.  The Proposed Order was not signed, and Plaintiff's counsel filed the motion for class certification on February 18, 2010.  Defendants' opposition brief is currently due March 22, 2010, Plaintiff's reply brief is due March 29, 2010, and the hearing on the motion is scheduled for April 12, 2010.  *See* Ex. B.

---

[1]  All exhibit citations refer to exhibits attached to Declaration of Richard P. Steinken ("Steinken Decl.").

Acknowledging the need for pre-certification discovery, Plaintiff's counsel served three sets of interrogatories and document requests on Defendants on March 2. Each set contains 47 specific document requests and 18 interrogatories. Defendants have not yet propounded their discovery requests. Under the Federal Rules, the parties' responses to the various discovery requests will not be due until briefing on the class certification motion has concluded.

Defendants asked Plaintiff's counsel to enter into a stipulation asking the Court to continue the hearing date by 30 days to permit adequate discovery for all parties. Steinken Decl. ¶ 5.[2] Plaintiff's counsel refused to enter into that stipulation, and instead proposed a two week continuance of the hearing. *Id.* Defendants objected on the grounds that a two week extension would be unfair: It would permit Plaintiff's attorneys to receive responses to their discovery requests prior to the deadline for filing the reply brief, but would not afford Defendants a similar opportunity to have discovery prior to filing their opposition brief. Accordingly, Defendants have filed this *ex parte* motion requesting a 30-day continuance of the hearing on Plaintiff's motion for class certification. Plaintiff's attorneys have said that they will oppose this *ex parte* motion.

## **Argument**

### I.    **Pre-Certification Discovery Is Necessary To Assist The Court In Determining Whether The Requirements Of Rule 23 Have Been Satisfied.**

Pre-certification discovery will help this Court determine whether the purported class satisfies the requirements outlined in Federal Rule of Civil Procedure 23. *See Connett v. Justus Enters. of Kansas, Inc.*, 125 F.R.D. 166, 167 (D. Kan. 1988); *see also Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("there can be no doubt that it is proper for a district court, prior to certification of a class, to allow

_____

[2]   Lead counsel for Plaintiff is Wayne S. Kreger, of Milstein, Adelman & Kreger, LLP, located at 2800 Donald Douglas Loop North, Santa Monica, California 90405.

discovery and conduct hearings to determine whether the prerequisites of Rule 23 are satisfied"); *Gross v. Medaphis Corp.*, 977 F. Supp. 1463, 1475 (N.D. Ga. 1997) (class certification motion denied as premature because parties had not had an opportunity to conduct class discovery).

Pre-certification discovery is particularly important in a case, such as this one, where the Court must look beyond the pleadings to determine whether the plaintiff has met her "burden of showing that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b) have been met."  *See Coles v. Nyko Techs., Inc.*, 247 F.R.D. 589, 592 (C.D. Cal. 2007); *see also Int'l Woodworkers of Am., AFL-CIO v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1268 (4th Cir. 1981) ( "[i]t is seldom, if ever, possible to resolve class representation questions from the pleadings").

Discovery here will assist Defendants in assessing whether Plaintiff can satisfy the Rule 23 requirements, including whether Plaintiff's claims and defenses are "typical" of the putative class members who purchased Cocoa Krispies and Rice Krispies, and whether Plaintiff will "fairly and adequately protect the interests of the class."  *See* Fed. R. Civ. P. 23(a).  For example, it is especially important to determine whether Plaintiff has any conflicts of interest with the proposed class members because she is the only named class representative.  The requested continuance is necessary to ensure that Defendants are provided an opportunity to conduct this essential discovery.  *See Coles*, 247 F.R.D. at 592-93 (ordering that plaintiff produce evidence bearing on the "typicality" prong during "class" discovery and before the class certification motion was heard).

A district court has discretion to continue a class certification hearing where a defendant has been unable to conduct such discovery prior to the deadline for filing its opposition to the plaintiff's motion for class certification.  *See Clark v. Time Warner Cable*, No. 07-1797, 2007 WL 1334965, at *2 (C.D. Cal. May 3, 2007) (explaining that "valid reasons may exist for deferring the certification hearing, such as the need

for more time to conduct limited investigation and/or discovery" on Rule 23 issues and granting defendant's *ex parte* application for a six week continuance of the class certification hearing); *Connett*, 125 F.R.D. at 168 (granting a continuance to "allow defendants to depose plaintiff prior to responding to plaintiff's motion for class certification"); *see also* Fed. R. Civ. P. 6(b) (court may, "for good cause" and with or without motion or notice, extend the deadline for filing opposition or reply papers).

Plaintiff's counsel has acknowledged the appropriateness of conducting pre-certification discovery in this case.  *See* Ex. A at 2-3 (acknowledging that discovery is necessary to "develop an adequate record" to permit the parties "to move for [and] oppose class certification").  Defendants agree that discovery will be beneficial to the parties and will assist the Court in determining whether this action is properly maintainable as a class action, including whether Plaintiff satisfies Rule 23's "adequacy" and "typicality" requirements.  *See* Fed. R. Civ. P. 23(a); Civil L.R. 23-3. Defendants thus respectfully request that the Court continue the hearing to permit them the opportunity to serve written discovery and depose Plaintiff prior to filing their opposition to Plaintiff's motion for class certification.

## II.   *Ex Parte* Relief Is Necessary Here To Provide Timely And Adequate Pre-Certification Discovery.

*Ex parte* relief is appropriate where "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures."  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  It must also be established that the moving party is without fault in creating the situation requiring *ex parte* relief, or that the situation occurred as a result of excusable neglect.  *Id.*

It is proper for the Court to grant an *ex parte* application in this circumstance. *See Clark*, 2007 WL 1334965, at *2 (granting defendant's ex parte application for a six week continuance of the class certification hearing).  Defendants' opposition to Plaintiff's motion for class certification is currently due on March 22, 2010, and the

hearing on Plaintiff's motion is scheduled to be heard on April 12, 2010.  If Defendants were to follow regular motion procedures, the Court would not hear Defendants' motion for a continuance until April 12, 2010, at the earliest (and quite possibly later).  *See* L.R. 6-1 (providing that a notice of motion must be filed no later than 28 days before the date set for hearing), 7-3 (requiring parties to meet and confer at least 10 days prior to filing a motion); *see also* CACD Motion Calendar (stating that April 12th, 19th, and 26th are closed for civil motions before Judge Morrow).  Defendants will be irreparably prejudiced if, absent *ex parte* relief, the Court rules on Plaintiff's motion for class certification prior to considering Defendant's request for a continuance to permit pre-certification discovery.

This short continuance will not prejudice Plaintiff.  Indeed, the original stipulation – which Defendants agreed to enter at the request of Plaintiff – contemplated that the Court would not even consider setting a hearing for the class certification motion until the initial status conference on March 29.  Defendants only request two additional weeks more than what Plaintiff has offered to avoid the inequitable result of only Defendants not having obtained discovery before submitting their brief.  Steinken Decl. ¶ 5.  Finally, any delay on the part of Defendants (as well as Plaintiff) in conducting discovery is excusable, given their good-faith belief that Plaintiff's deadline for filing her motion for class certification would be extended to a date following the initial status conference, currently scheduled for March 29, 2010.  Steinken Decl. ¶ 7.

### Conclusion

Defendants respectfully request that the Court continue the class certification hearing currently scheduled for April 12, 2010 to May 12, 2010, and order that the deadlines for filing opposition and reply briefs be set for April 21, 2010 and April 28, 2010, respectively.  A 30-day continuance will permit Defendants the opportunity to serve written discovery and depose Plaintiff prior to filing their opposition to Plaintiff's motion for class certification.  In the alternative, if the Court is unavailable

on May 12, 2010, Defendants request continuance of the hearing to an alternative date that will afford Defendants the opportunity to conduct pre-certification discovery.

DATED: March 5, 2010          Respectfully Submitted,


                              ___/s/ Kenneth K. Lee_____

                              Kenneth K. Lee

                              JENNER & BLOCK LLP

                              Brent Caslin (Cal. Bar No. 198682)
                              bcaslin@jenner.com
                              Kenneth K. Lee (Cal. Bar No. 264296)
                              klee@jenner.com
                              633 West 5th Street, Suite 3500
                              Los Angeles, California 90071
                              Telephone: (213) 239-5100
                              Facsimile:  (213) 239-5199

                              Dean N. Panos (Admitted *pro hac vice*)
                              dpanos@jenner.com
                              Richard P. Steinken (Admitted *pro hac vice*)
                              rsteinken@jenner.com
                              353 N. Clark Street
                              Chicago, IL 60635
                              Telephone: (312) 222-9350
                              Facsimile:  (312) 527-0484