ORIGINAL

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY - 6 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEP

**MILSTEIN, ADELMAN & KREGER, LLP**
Wayne S. Kreger, State Bar No. 154759
Sara D. Avila, State Bar No. 263213
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635
SAvila@Maklawyers.com/WKreger@Maklawyers.com

**LAW OFFICES OF HOWARD WEIL RUBINSTEIN**
Howard W. Rubinstein (*Pro Hac Vice*) FL Bar No. 104108)
Post Office Box 4839
Aspen, Colorado 81611
Telephone: (832) 715-2788

**WHATLEY DRAKE KALLAS**
Joe Whatley, Jr. (*Pro Hac Vice*) NY Bar No. 4406088)
1540 BROADWAY, 37TH FLOOR
NEW YORK , NY 10036
Telephone: (212) 447-7070

Attorneys for Plaintiffs Sabena Lakshmi Kammula
and Michelle Weeks

BY
NL

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

2010 MAY -5 PH 2: 55

LODGED

FAXED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABENA LAKSHMI KAMMULA, individually and on behalf of all others similarly situated; MICHELLE WEEKS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> KELLOGG COMPANY, a Delaware Corporation; KELLOGG USA, INC., a Michigan Corporation; KELLOGG SALES COMPANY, a Delaware Corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. CV09-08102 (MMM) (RZx) <br> Before the Hon. Margaret M. Morrow <br><br> [PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT <br><br> 1. UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.* <br><br> 2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.* <br><br> 3. VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.* (Consumers Legal Remedies Act) <br><br> DEMAND FOR JURY TRIAL |

*(margin sidebar: Milstein, Adelman & Kreger, LLP / 2800 Donald Douglas Loop North / Santa Monica, California 90405)*

1

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Plaintiff Michelle Weeks ("Plaintiff"), individually and on behalf of all other similarly situated purchasers of Kellogg Company's Cocoa Krispies (the "Cocoa Krispies Class") and Rice Krispies ("Rice Krispies Class") (collectively referred to as "the Class"), brings this complaint against Kellogg Company, a Delaware corporation, Kellogg USA, Inc., a Michigan corporation, Kellogg Sales Company, a Delaware corporation (collectively "Kellogg") and Does 1 through 100, inclusive (collectively referred to herein as "Defendants") and allege as follows:

## JURISDICTION

1.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), codified in part 28 U.S.C. §§ 1332(d) and 1453. Jurisdiction under CAFA is met because: (1) the proposed number of putative class members exceeds 100; (2) at least one plaintiff and one defendant are citizens of different states, and in some instances, the principal defendant is not a citizen of the forum state; and (3) the amount in controversy, including, but not limited to the aggregate amount of relief sought by absent class members, exceeds $5 million. 28 U.S.C. § 1332(d)(2).

## VENUE

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because events giving rise to the claims, including, *inter alia*, Kellogg's false and misleading advertising and marketing, occurred and arose in this District.

## NATURE OF THE ACTION

3.     Defendants made and continue to make false and misleading statements in their advertising and packaging of Kellogg's Cocoa Krispies (hereinafter "Cocoa Krispies") and Kellogg's Rice Krispies (hereinafter "Rice Krispies") (collectively referred to as "the Products" or "Krispies cereals"). Cocoa Krispies is a

2

"chocolatey, sweetened rice cereal" packaged and marketed by Defendants.  Rice Krispies is "a toasted rice cereal" packaged and marketed by Defendants.

4.     According to Defendants' uniform and consistent claims, eating just three-quarters (¾) cup of Cocoa Krispies will boost a family's immunity. Defendants' uniform and consistent claims also state that eating just one and a quarter (1 ¼) cups of Rice Krispies will boost a family's immunity.  Specifically, Defendants market and advertise that both Krispies cereal products "NOW HELP SUPPORT YOUR CHILD'S IMMUNITY."   Defendants, through a variety of advertising, including but not limited to print, internet, and the packaging and labeling of the Krispies cereals,  make false regarding the benefits of the Krispies cereals, including but not limited to the following:

a. **FRONT LABEL OF PRODUCTS:**

- "NOW HELPS SUPPORT YOUR CHILD'S IMMUNITY"

- "25% DAILY VALUE OF ANTIOXIDANTS & NUTRIENTS VITAMINS A, B, C & E"

b. **BACK LABEL OF PRODUCTS:**

- "WITH ANTIOXIDANTS AND NUTRIENTS"

- "Helping to support your family's IMMUNITY"

- "Kellogg's Cocoa Krispies has been improved to include antioxidants and nutrients that your family needs to help them stay healthy."

- "Excellent source of vitamins A, B, C, and E – antioxidants and nutrients that help support the body's immune system"

- "Enjoy this wholesome breakfast and help keep your family healthy."

c. **INTERNET:**
- "And now each and every box is fortified with vitamins and nutrients that work together to help support your child's immunity."

//

//

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

3

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

5.    These consistent and uniform claims are false.  Indeed, there is no known clinical study that adequately supports Defendants' claims. Plaintiff therefore brings this class action to secure, among other things, injunctive relief, restitution and actual damages for the Class against Defendants for false and misleading advertising in violation of CAL. BUS. & PROF. CODE § 17200, *et seq.* (2009), CAL. BUS. & PROF. CODE § 17500, *et seq.* (2009), and CAL. CIV. CODE § 1750, *et seq.* (2009), among other laws.

6.    Additionally, Defendants fail to adequately disclose that other ingredients, including but not limited to sugar and high-fructose corn syrup, effect their claim that the Krispies cereals "help support" a child's immunity. Defendants also fail to adequately disclose whether inclusion of such ingredients may outweigh the benefits, and thus render the "immunity" claims false and/or misleading.

7.    Defendants further failed and continue to fail to adequately disclose whether the "antioxidants and nutrients" purportedly added to the box, in conjunction with such sugary and unhealthy ingredients, negates or otherwise decreases the so-called health and immunity benefits Defendants claim.

8.    Defendants also failed and continue to fail to adequately disclose whether "antioxidants and nutrients" are synthetic and/or unnatural in form, and whether the form used actually procures the benefits claimed by Defendants.

9.    Accordingly, Defendants' advertising of the Krispies cereals, including but not limited to print, packaging and internet advertising, conveys a single, consistent false and misleading message to consumers:  that Defendants' Krispies cereals will boost a family's immune systems of children and keep a family healthy. This is particularly egregious, especially in light of the current H1N1 flu ('swine flu') epidemic in California and the rest of the nation.

10.    During the course of this deception, Defendants have sold hundreds of thousands of units of the Krispies cereals based upon the false promises and

4

1    misleading advertisements targeted at vulnerable and worried parents, children

2    and/or those individuals desiring to boost their immune systems.

3       11.    Plaintiff and the Class have suffered injury in fact and have lost money

4    as a result of Defendants' false misrepresentations.   Plaintiff purchased Cocoa

5    Krispies and Rice Krispies because of the claims by Defendants that these Krispies

6    cereals each contain twenty-five percent (25%) daily value of antioxidants and

7    nutrients and would support her and her family's immune system, among other

8    claims.  Plaintiff would not have purchased the Product if she had known that this

9    advertising was false.

10      12.    Defendants' false and misleading statements should be enjoined in the

11    face of scientific and other evidence that undercuts Defendants' claims of each of

12    the Krispies cereals' ability to support a family's immune system.  In addition,

13    Defendants should be compelled to provide restitution to those innocent consumers

14    that Defendants duped into purchasing Cocoa Krispies cereal.

15

16                          **PARTIES**

17      13.    Plaintiff is, and at all times relevant hereto was, an individual residing

18    in Ventura County, California.  Plaintiff purchased both Cocoa Krispies and Rice

19    Krispies in Ventura County.  In doing so, Plaintiff relied upon the advertising and

20    other promotional material which were prepared and approved by Defendants and

21    their agents and disseminated through their packaging, label, and national

22    advertising media, containing the misrepresentations alleged herein and designed to

23    encourage consumers to purchase Cocoa Krispies and Rice Krispies.

24      14.    Defendant Kellogg Company is a corporation organized under the laws

25    of the State of Delaware.  Kellogg Company is the world's leading producer of

26    cereal.  According to its 2007 filing with the United State Securities and Exchange

27    Commission, Kellogg Company had nearly $12,000,000,000 in sales in 2007.

28    Kellogg Company maintains its principal business office at One Kellogg Square,

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

P.O. Box 3599, Battle Creek, Michigan 49016-3599. Kellogg Company, directly and through its agents, has substantial contacts with and receives benefits and income from and through the State of California. Kellogg USA Inc. and Kellogg Sales Company operate as wholly-owned subsidiaries of Kellogg Company. As such, Kellogg Company is the owner, manufacturer and distributor of the Cocoa Krispies and Rice Krispies products, and is the company that created and/or authorized the false, misleading and deceptive advertisements and/or packaging for the Cocoa Krispies and Rice Krispies.

15.   Defendant Kellogg USA, Inc. is a corporation organized under the laws of the State of Michigan. Kellogg USA, Inc. maintains its principal business office at One Kellogg Square, P.O. Box 3599, Battle Creek, Michigan 49016-3599. Kellogg USA., Inc., directly and through its agents, has substantial contacts with and receives benefits and income from and through the State of California. Kellogg USA, Inc., is the owner, manufacturer and distributor of the Cocoa Krispies and Rice Krispies products, and/or is the company that created and/or authorized the false, misleading and deceptive advertisements and/or packaging for Cocoa Krispies and Rice Krispies.

16.   Defendant Kellogg Sales Company is a corporation organized under the laws of the State of Delaware. Kellogg Sales Company maintains its principal business office at One Kellogg Square, P.O. Box 3599, Battle Creek, Michigan 49016-3599. Kellogg Sales Company, directly and through its agents, has substantial contacts with and receives benefits and income from and through the State of California. Kellogg Sales Company, is the owner, manufacturer and distributor of the Cocoa Krispies and Rice Krispies products, and/or is the company that created and/or authorized the false, misleading and deceptive advertisements and/or packaging for the Cocoa Krispies and Rice Krispies products.

17.   The true names and capacities, whether individual, corporate, associated or otherwise of certain manufacturers, distributors, or their alter egos

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1    sued herein as DOES 1 through 100 inclusive are presently unknown to Plaintiff
2    who therefore sue these Defendants by fictitious names. Plaintiff will seek leave of
3    this Court to amend the Complaint to show their true names and capacities when the
4    same have been ascertained. Plaintiff is informed and believes and based thereon
5    alleges that DOES 1 through 100 were authorized to do and did business in Los
6    Angeles County. Plaintiff is further informed and believes and based thereon
7    alleges that DOES 1 through 100 were or are, in some manner or way, responsible
8    for and liable to Plaintiff for the events, happenings, and damages hereinafter set
9    forth below.

10        18.    Plaintiff is informed and believes and based thereon alleges that at all
11    times relevant herein each of the Defendants was the agent, servant, employee,
12    subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other
13    representative of each of the remaining Defendants and was acting in such capacity
14    in doing the things herein complained of and alleged.

15        19.    In committing the wrongful acts alleged herein, Defendants planned
16    and participated in and furthered a common scheme by means of false, misleading,
17    deceptive, and fraudulent representations to induce members of the public to
18    purchase Cocoa Krispies and Rice Krispies. Defendants participated in the making
19    of such representations in that each did disseminate or cause to be disseminated said
20    misrepresentations.

21        20.    Defendants, upon becoming involved with the manufacture,
22    distribution, advertising, marketing, and sale of Cocoa Krispies and Rice Krispies
23    knew or should have known that the claims about these Krispies cereals and, in
24    particular, the claims suggesting that Cocoa Krispies and Rice Krispies each "NOW
25    HELPS SUPPORT YOUR CHILD'S IMMUNITY" and includes antioxidants and
26    nutrients that a family needs to help them stay healthy were and are false, deceptive,
27    and misleading. Indeed, since the first time that Cocoa Krispies and Rice Krispies
28    were advertised, Defendants have been aware that they, individually and/or

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

7

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1    collectively, do not possess the requisite competent and reliable scientific evidence

2    to substantiate their bold claims about the purported benefits and effects of each of

3    the Krispies cereals.  Defendants affirmatively misrepresented the "benefits" of

4    each of the Krispies cereals in order to convince the public to purchase and use that

5    product, resulting in profits of hundreds of thousands of dollars or more to

6    Defendants, all to the damage and detriment of the consuming public.  Thus, in

7    addition to the wrongful conduct herein alleged as giving rise to primary liability,

8    Defendants further aided and abetted and knowingly assisted each other in breach of

9    their respective duties and obligations as herein alleged.

10

11                          **FACTUAL ALLEGATIONS**

12        21.    With the ever-increasing health concerns and scientific revelations

13   regarding the nutritional content of food, the marketing of food as healthy has

14   exploded in recent years.    In an effort to "grab" some of those billions,

15   unscrupulous companies routinely toss a small amount of a particular substance into

16   a preexisting product and advertise said product as though it could provide results

17   beyond what would be a reasonable expectation.  Often such substances contribute

18   no scientifically proven health benefits or contain dosages that are so small in

19   proportion to that recommended for daily intake as to make any real benefit

20   illusory.

21        22.    These marketing companies engage in campaigns that suggest to health

22   conscious consumers that a particular product will "SUPPORT YOUR CHILD'S

23   IMMUNITY" and keep the consumer's family healthy, while, in fact, what the

24   product provides is either not what it purports to be, has not been generally accepted

25   within the scientific community, or is otherwise far too minimal to be adequate, let

26   alone profound.

27        23.    In their marketing of Cocoa Krispies and Rice Krispies, Defendants

28   have "followed the playbook" to the letter.  Defendants' television commercials,

8

1  websites   (http://www.ricekrispies.com/products/cocoa-krispies-cereal.aspx   [for

2  Cocoa Krispies] and http://www.ricekrispies.com/products/rice-krispies-cereal.aspx

3  [for Rice Krispies], last viewed November 4, 2009) and the Krispies cereals'

4  packaging and labeling reiterate those very same claims, and state:

5       a.  FRONT LABEL OF PRODUCTS:

6         • "NOW HELPS SUPPORT YOUR CHILD'S IMMUNITY"

7

8         • "25% DAILY VALUE OF ANTIOXIDANTS & NUTRIENTS"

9         • "VITAMINS A, B, C & E"

10      b.  BACK LABEL OF PRODUCTS:

11        • "WITH ANTIOXIDANTS AND NUTRIENTS"

12        • "Helping to support your family's IMMUNITY"

13

14        • "Kellogg's Cocoa Krispies has been improved to include antioxidants
         and nutrients that your family needs to help them stay healthy."

15

16        • "Excellent source of vitamins A, B, C, and E – antioxidants and
         nutrients that help support the body's immune system"

17

18        • "Enjoy this wholesome breakfast and help keep your family healthy."

19      c.  INTERNET:

20        • And now each and every box is fortified with vitamins and nutrients
         that work together to help support your child's immunity.

21

22     24.   Defendants' claims about Cocoa Krispies and Rice Krispies lead

23 parents to believe that the antioxidants and nutrients contained therein will have the

24 tangible result of helping to support their child's immunity.  These claims are false,

25 deceptive, and misleading.   Defendants do not have competent and reliable

26 scientific evidence to support their claims about Cocoa Krispies and Rice Krispies.

27 Indeed, Kellogg does not cite to a single clinical trial or study it has conducted or

28 commissioned on the benefits of Krispies cereals because, presumably, Kellogg has

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

9

not conducted or commissioned any. A true and correct copy of the front and back of the Cocoa Krispies packaging is attached hereto as **Exhibit "1"** and **Exhibit "2"**, respectively. A true and correct copy of the front and back of the Rice Krispies packaging is attached hereto as **Exhibit "3"** and **Exhibit "4"**, respectively.

25. In spite of its lack of competent and reliable scientific evidence to support its claims about Cocoa Krispies and Rice Krispies, Kellogg has introduced products including but not limited to Krispies cereals into the marketplace to profit from a growing trend in the manufacturing, advertising, and sales of "functional" foods. Kellogg has prioritized profits ahead of its customers by altogether failing to conduct or commission any clinical trials or studies whatsoever concerning the benefits and risks of Krispies cereals.

26. Contrary to its consistent and uniform claims, Defendants fail to adequately disclose that other ingredients, including but not limited to sugar, chocolate, high-fructose corn syrup and/or partially-hydrogenated oils, may not "help support" a child's immunity. Defendants also fail to adequately disclose whether inclusion of such ingredients may outweigh the benefits, and thus render the "immunity" claims false and/or misleading.

27. Defendants further failed and continue to fail to adequately disclose whether the form and/or amount of the "antioxidants and nutrients" purportedly added to the box may not render the health benefits Defendants claim.

28. Defendants' claims about Cocoa Krispies and Rice Krispies lead parents and those seeking to boost their immune systems, to believe that the "dosage" of antioxidants and nutrients contained therein will have the tangible result of helping to support their child's immunity. These claims are false, deceptive, and misleading. Defendants do not have competent and reliable scientific evidence to support such claims.

29. During the course of their false, misleading, and deceptive advertising campaign, Defendants have sold hundreds of thousands of units or more of Cocoa

10

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1  Krispies and Rice Krispies based upon Defendants' false promises.  Plaintiff and the

2  Class have suffered injury in fact and have lost money as a result of Defendants'

3  false representations.  The Products, as purchased by the Plaintiff and the Class,

4  were and are unsatisfactory and worth less than the amount paid for.

5      30.    Plaintiff would not have purchased the Products, but for Defendants'

6  representations that consuming the Products would boost her and her family's

7  immunity.

8      31.    Through the conduct described herein, Defendants have received

9  money belonging to Plaintiffs and the Class through the sale of the Products.

10      32.    Defendants have reaped substantial profit by misrepresenting the facts

11  regarding their Products, as set forth herein.  Defendants have benefited from the

12  receipt of such money that they would not have received but for their

13  misrepresentations and/or omissions.

14      33.    As a direct and proximate result of Defendants' misconduct as set forth

15  herein, Defendants have been unjustly enriched.

16      34.    Under principles of equity and good conscience, Defendants should not

17  be permitted to keep the money belonging to Plaintiffs and the Class that

18  Defendants have unjustly received as a result of their actions.

19  ## CLASS ACTION ALLEGATIONS

20      35.    Plaintiff brings this action on behalf of herself and the proposed

21  plaintiff Class members under Federal Rule of Civil Procedure Rule 23(b)(2) and

22  (b)(3).  The proposed Cocoa Krispies Class consists of:

23

24  All persons residing in the State of California who purchased Cocoa

25  Krispies for personal use and not for resale during the time period

26  November 4, 2005 through the present.  Excluded from the Class are

27  Kellogg's officers, directors, and employees, and any individual who

28  received remuneration from Kellogg in connection with that

individual's use or endorsement of Cocoa Krispies Immunity.

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

36.    The proposed Rice Krispies Class consists of:

All persons residing in the State of California who purchased Rice Krispies for personal use and not for resale during the time period November 4, 2005 through the present. Excluded from the Class are Kellogg's officers, directors, and employees, and any individual who received remuneration from Kellogg in connection with that individual's use or endorsement of Rice Krispies Immunity.

Said definitions of the Cocoa Krispies Class and/or Rice Krispies Class may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court. The Cocoa Krispies Class and Rice Krispies Class shall both be collectively referred to as "the Class" for purposes of this Complaint.

37.    The Class comprises many thousands of persons throughout California, the joinder of whom is impracticable, and the disposition of their claims in a class action will benefit the parties and the Court. The Class is sufficiently numerous because millions of units of Cocoa Krispies and Rice Krispies have been sold in the State of California during the Class Period.

38.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

    a.  Whether Defendants' conduct is an unlawful business act or practice within the meaning of CAL. BUS. & PROF. CODE § 17200, *et seq.*;

    b.  Whether Defendants' conduct is a fraudulent business act or practice within the meaning of CAL. BUS. & PROF. CODE § 17200, *et seq.*;

12

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

c.  Whether Defendants' advertising is untrue or misleading within the meaning of CAL. BUS. & PROF. CODE § 17500, *et seq.*;

d.  Whether Defendants possess competent and reliable scientific evidence to support their label and advertising claims made regarding the Products;

e.  Whether Defendants made false and misleading representations in their advertising and labeling of the Products;

f.  Whether Defendants failed to disclose that the Products may not actually boost consumers' immunity;

g.  Whether Defendants knew or should have known that the representations and omissions were false;

h.  Whether Defendants' misrepresentations and omissions were likely to deceive a reasonable consumer;

i.  Whether Defendants represented that the Products were of a particular standard, quality, or grade when they are of another; and

j.  Whether Defendants represented that the Products have characteristics, benefits, uses, or quantities which it does not have.

39.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff does not have any interests which are antagonistic to those of the proposed Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation. The questions of law and fact common to the Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

40.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false, deceptive, and misleading representations.

41.     The Product as purchased by the Plaintiff and the Class was and is unsatisfactory and worth less than the amount paid for.

13

42.   The Class is identifiable and readily ascertainable.   The names and addresses of the class members are available through business or public records. Notice can be provided to such purchasers via first class mail using techniques and a form of notice similar to those customarily used in class actions, and by internet publication, radio, newspapers, and magazines.

43.   A class action is superior to other available methods for fair and efficient adjudication of this controversy.   The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

44.   The trial and the litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system.   The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

45.   Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.   The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual member of the Class that would establish incompatible standards of conduct for Defendants.

46.   Absent a class action, Defendants will likely retain the benefits of their wrongdoing.  Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.   Absent a representative action, the Class members will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

14

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

## FIRST CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND

## PROFESSIONS CODE § 17200, *et seq.*

### (By Plaintiff and each Class Against All Defendants)

47.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

48.     This cause of action is brought pursuant to CAL. BUS. & PROF. CODE § 17200, *et seq.*, on behalf of Plaintiff and a Class consisting of all persons residing in the State of California who purchased Cocoa Krispies and/or Rice Krispies for personal use and not for resale.

49.     Defendants, in their advertising and packaging of Cocoa Krispies and/or Rice Krispies, made and continue to make false and misleading statements regarding the benefits and the efficacy of Cocoa Krispies and/or Rice Krispies, particularly as they apply to supporting a child's immunity and helping to keep family members healthy, all as set forth in the examples above.

50.     Defendants do not have any competent o reliable scientific evidence to support the claims about Cocoa Krispies and/or Rice Krispies made in Defendants' advertising and on Defendants' packaging and labels.

51.     Defendants are aware that the claims that they make about Cocoa Krispies and/or Rice Krispies are false, misleading, and unsubstantiated.

52.     As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitute an unfair, unlawful, and fraudulent business practice within the meaning of CAL. BUS. & PROF. CODE § 17200.

53.     In addition, Defendants' use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue, or misleading advertising, and an unlawful business practice

15

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

within the meaning of CAL. BUS. & PROF. CODE §§ 17531 and 17200, which advertisements have deceived and are likely to deceive the consuming public, in violation of CAL. BUS. & PROF. CODE §§ 17200 and 17500.

54. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

55. All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

56. Pursuant to CAL. BUS. & PROF. CODE §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of Cocoa Krispies and/or Rice Krispies. Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations.

57. Plaintiff and the Class have suffered injury in fact and have lost money or property as a result of Defendants' false representations. The Products as purchased by the Plaintiff and the Class were and are unsatisfactory and worth less than the amount paid for.

## SECOND CAUSE OF ACTION
## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*
### (By Plaintiff and each Class Against All Defendants)

58. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

16

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

59.     This cause of action is brought pursuant to CAL. BUS. & PROF. CODE § 17500, *et seq.*, on behalf of Plaintiff and the Class consisting of all persons residing in the State of California who purchased Cocoa Krispies and/or Rice Krispies for personal use and not for resale.

60.     In its advertising of Cocoa Krispies and/or Rice Krispies, Defendants knowingly make false and misleading statements regarding the benefits and the effects of Cocoa Krispies and Rice Krispies, particularly as they apply to supporting a child's immunity and helping to keep family members healthy, all as set forth in the examples above.

61.     Defendants do not have any competent and reliable scientific evidence to support the claims about Cocoa Krispies and/or Rice Krispies made in Defendants' advertising and on the packaging and labels of the Products.

62.     Defendants are aware and knew that the claims that they make about Cocoa Krispies and Rice Krispies are false, misleading, and unsubstantiated.

63.     As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitutes an unfair, unlawful, and fraudulent business practice within the meaning of CAL. BUS. & PROF. CODE § 17200.

64.     In addition, Defendants' use of various forms of advertising media to advertise, call attention to or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue, or misleading advertising, and an unlawful business practice within the meaning of CAL. BUS. & PROF. CODE §§ 17531 and 17200, which advertisements have deceived and are likely to deceive the consuming public, in violation of CAL. BUS. & PROF. CODE § 17500.

65.     Pursuant to CAL. BUS. & PROF. CODE §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of

17

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1   Cocoa Krispies and/or Rice Krispies.  Likewise, Plaintiff and the members of the

2   Class seek an order requiring Defendants to disclose such misrepresentations, and

3   additionally request an order awarding Plaintiff and the Class restitution of the

4   money wrongfully acquired by Defendants by means of responsibility attached to

5   Defendants'  failure  to  disclose  the  existence  and  significance  of  said

6   misrepresentations.

7       66.    Plaintiff and the Class have suffered injury in fact and have lost money

8   or property as a result of Defendants' false representations.   The Product as

9   purchased by the Plaintiff and the Class was and is unsatisfactory and worth less

10  than the amount paid for.

11

12              **THIRD CAUSE OF ACTION**

13  **VIOLATION OF CALIFORNIA CIVIL CODE § 1750, et seq.**

14       **(By Plaintiff and each Class against all Defendants)**

15       67.    Plaintiff repeats and realleges the allegations set forth in the preceding

16  paragraphs and incorporates the same as if set forth herein at length.

17       68.    This cause of action is brought pursuant to CAL. CIV. CODE § 1750, et

18  seq., the CLRA, on behalf of Plaintiff and a Class consisting of all persons residing

19  in the State of California who purchased Cocoa Krispies and/or Rice Krispies for

20  personal use and not for resale.

21       69.    The Class consists of thousands of persons, the joinder of whom is

22  impracticable.

23       70.    There are questions of law and fact common to the class.   These

24  questions are substantially similar and predominate over questions affecting the

25  individual members, including but not limited to: (a) Whether Defendants

26  represented that Cocoa Krispies and/or Rice Krispies have characteristics, benefits,

27  uses, or quantities which they do not have; (b) Whether the existence, extent, and

28  significance of the major misrepresentations and/or omissions regarding the

18

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

purported benefits, characteristics, and efficacy of Cocoa Krispies and/or Rice Krispies violate the Act; and (c) Whether Defendants knew of the existence of these misrepresentations and omissions.

71.    The policies, acts, and practices heretofore described were intended to result in the sale of Cocoa Krispies and Rice Krispies to the consuming public, particularly those concerned about boosting their immunity and that of their children, and violated and continue to violate CAL. CIV. CODE § 1770(a)(5) by representing that Cocoa Krispies and Rice Krispies has characteristics, benefits, uses, or quantities which it does not have.

72.    The policies, acts, and practices heretofore described were intended to result in the sale of Cocoa Krispies and Rice Krispies to the consuming public, particularly those concerned about boosting their immunity and that of their children, and violated and continue to violate CAL. CIV. CODE § 1770(a)(7) by representing that Cocoa Krispies and Rice Krispies is of a particular standard, quality, or grade, or that Cocoa Krispies and Rice Krispies is of a particular style or model, when they are of another.

73.    Defendants fraudulently deceived Plaintiff and the Class by representing that Cocoa Krispies and Rice Krispies have certain characteristics, benefits, uses, and qualities which they do not have.  In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff and the Class, specifically, that Cocoa Krispies and Rice Krispies each helps to support a person's immunity and keep them healthy.  Said misrepresentation and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

74.    Defendants knew that the dosage and form of antioxidants and nutrients in Cocoa Krispies and Rice Krispies are not scientifically proven to substantially help to support the body's immune system.

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

Milstein. Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

75.   Defendants' actions as described herein above were done with conscious disregard of Plaintiff's rights and Defendants were wanton and malicious in their concealment of same.

76.   Plaintiff and the Class have suffered injury in fact and have lost or property as a result of Defendants' false representations.

77.   The Product as purchased by the Plaintiff and the Class was and is unsatisfactory and worth less than the amount paid for.

78.   Pursuant to CAL. CIV. CODE § 1780(a), Plaintiff seeks injunctive relief to enjoin the above-described wrongful acts and practices of Defendants, including, but not limited to, an order:

A.   Enjoining Defendants from continuing to make the statements set forth above;

B.   Enjoining Defendants from continuing to offer for sale any unit of Cocoa Krispies and Rice Krispies that contains any false, misleading and/or unsubstantiated statements and claims on their packaging and/or their labels, including, without limitation, those statements and claims set forth above;

C.   Ordering that Defendants immediately recall any and all units of Cocoa Krispies and/or Rice Krispies that contain any false, misleading and/or unsubstantiated statements and claims on them and/or their labels, including, without limitation, those statements and claims set forth above;

D.   Enjoining Defendants from continuing to use the packaging and label that they presently use for Cocoa Krispies and Rice Krispies; and

E.   Enjoining Defendants from distributing such false advertising and misrepresentations.

79.   In accordance with Section 1782 of the CLRA, on or about November

20

4, 2009 Plaintiff notified Defendants in writing of the particular violations of Section 1770 of the CLRA (the Notices) and demanded, among other things, that Defendants cease making the misrepresentations and omissions alleged herein, and that Defendants provide restitution to consumers who purchased the Products. Plaintiff sent the Notices by means of certified mail, return-receipt requested, to Defendants at their principal places of business as well as Defendants' agents for service of process, as listed by the California Secretary of State. Since Defendants failed to respond to Plaintiff's demands within thirty days of receipt of the Notice, pursuant to section 1782(a) and (d) of the CLRA, Plaintiff hereby amends the Complaint to request statutory damages, actual damages, plus punitive damages, interest and attorney's fees.  Plaintiff requests that this Court enter such orders or judgments as may be necessary to restore any person in interest any money which may have been acquired by means of such unfair business practices, and for such relief as provided in CAL. CIV. CODE § 1780 and the Prayer for Relief.

80.    Plaintiff requests that this Court enter such orders or judgments as may be necessary to restore any person in interest any money which may have been acquired by means of such unfair business practices, and for such relief as provided in CAL. CIV. CODE § 1780(a) and the Prayer for Relief.

81.    Plaintiffs shall be irreparably harmed if such an order is not granted.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief as to the FIRST and SECOND CAUSES OF ACTION as follows:

A. An order certifying that the action may be maintained as a Class Action;

B. An order enjoining Defendants from pursuing the policies, acts, and practices complained of herein;

C. An order requiring Defendants to pay restitution to Plaintiff and all members of the Class;

D. For pre-judgment interest from the date of filing this suit;

E. Reasonable attorneys' fees;

F. Costs of this suit; and

G. Such other and further relief as the Court may deem necessary or appropriate.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief as to the THIRD CAUSE OF ACTION as follows:

A. An order certifying that the action may be maintained as a Class Action;

B. An order enjoining Defendants from pursuing the policies, acts, and practices complained of herein;

C. An order requiring Defendants to pay restitution to Plaintiff and all members of the Class;

D. For an award of actual damages;

E. For an award of punitive damages;

F. For pre-judgment interest from the date of filing this suit;

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

22

G.    Reasonable attorneys' fees and costs of this suit;

H.    Such other and further relief as the Court may deem necessary or appropriate.

I.    That each senior citizen and disabled person who is a plaintiff be awarded $5,000 as authorized by sections 1780(b) and 3345(b) of the Civil Code; and,

DATED: May 4, 2010          MILSTEIN, ADELMAN & KREGER, LLP

                            /s/ Wayne S. Kreger
                            Wayne S. Kreger (154759)
                            Sara D. Avila (263213)
                            Attorney for Plaintiffs

DATED: May 4, 2010          LAW OFFICES OF HOWARD WEIL RUBINSTEIN

                            /s/ Howard W. Rubinstein
                            Howard W. Rubinstein (*pro hac vice*)
                            Attorney for Plaintiff

DATED: May 4, 2010          WHATLEY, DRAKE & KALLAS

                            /s/ Joe Whatley, Jr.
                            Joe Whatley, Jr. (*pro hac vice*)
                            Attorney for Plaintiff

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

DATED: May 4, 2010          MILSTEIN, ADELMAN & KREGER, LLP

                            By:    /s/ Wayne S. Kreger
                                   Wayne S. Kreger (154759)

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Sara D. Avila (263213)

Attorneys for Plaintiffs

LAW OFFICE OF HOWARD WEIL
RUBINSTEIN

By:    /s/ Howard W. Rubinstein
       Howard W. Rubinstein (*pro hac*)

Attorney for Plaintiffs

WHATLEY, DRAKE KALLAS, LLP

By:    /s/ Joe Whatley, Jr.
       Joe Whatley, Jr. (*pro hac vice*)

Attorney for Plaintiffs

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

24