**MILSTEIN, ADELMAN & KREGER, LLP**
Wayne S. Kreger, State Bar No. 154759
Sara D. Avila, State Bar No. 263213
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

**WHATLEY DRAKE KALLAS**
Joe Whatley, Jr. (*Pro Hac Vice*) NY Bar No. 4406088)
1540 BROADWAY, 37TH FLOOR
NEW YORK , NY 10036
Telephone: (212) 447-7070

**LAW OFFICES OF HOWARD WEIL RUBINSTEIN**
Howard W. Rubinstein (*Pro Hac Vice*) FL Bar No. 104108)
Post Office Box 4839
Aspen, Colorado 81611
Telephone: (832) 715-2788

Attorneys for Plaintiff Michelle Weeks

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SABENA LAKSHMI KAMMULA and MICHELLE WEEKS, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

KELLOGG COMPANY, a Delaware corporation; KELLOGG USA, INC., a Michigan corporation; KELLOGG SALES COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive,

Defendants.

No. CV09-08102 (MMM) (RZx)

DECLARATION OF MICHELLE WEEKS IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

[Filed concurrently with Supplemental Memorandum of Points & Authorities in Support of Motion for Class Certification and Supplemental Declaration of Wayne S. Kreger, Esq. (both filed conditionally Under Seal); [Proposed] Order]

Date: August 30, 2010
Time: 10:00 A.M.
Crtrm: 780
Judge: Hon. Margaret M. Morrow

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

# DECLARATION OF MICHELLE WEEKS

I, Michelle Weeks, hereby declare as follows:

1. I am a plaintiff in this action and have personal knowledge of all matters stated herein. I am filing this Declaration in support of Plaintiff's Motion for Class Certification and Supplemental Memorandum of Points and Authorities in Support of Plaintiff's Motion for Class Certification, the latter of which was filed conditionally under seal along with the Supplemental Declaration of Wayne S. Kreger, which was also conditionally filed under seal.

2. I am the mother of a young child.

3. In the summer of 2009 I was particularly concerned with supporting my child's immune system and my immune system.

4. During that time, I purchased Cocoa Krispies and Rice Krispies ("Immunity Cereals") from an Albertsons in Oxnard, California. The Immunity Cereals cost me a few dollars for each box..

5. Before deciding to purchase the boxes of Immunity Cereals, I recall reviewing the entire product label and all of the statements thereon, including the statement written on the front of the box in large bold letters: "NOW HELPS SUPPORT YOUR CHILD'S IMMUNITY" and other statements that the product would keep my family healthy. I purchased the Immunity Cereals because I believed, as the labels stated, that eating the Immunity Cereals would "help support" me and my child's immune systems and keep my family healthy. I would not have purchased the Immunity Cereals if the labels had not made these statements.

6. Unfortunately, after using the Immunity Cereals for several weeks, my children did not experience additional support to their immune systems.

7. In approximately April 2010 I learned of the above-entitled class action lawsuit pending case against Kellogg regarding the Immunity Cereals. I contacted counsel for the putative class and expressed my interest in participating in the lawsuit and serving as a class representative for the case.

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

8. I do not have any conflicts of interest with any other members of the proposed class.

9. As alleged in the Second Amended Complaint, I am informed and believe that Kellogg's claims on its Immunity Cereals labels are false because they are unsubstantiated by any competent or reliable scientific studies on the Immunity Cereals themselves.

10. Knowing what I know now, I would not have purchased the Immunity Cereals. I certainly would not have paid the amounts I did for cereal that is not capable of keeping me and my family healthy, nor capable of supporting our immune systems.

11. I believe that each member of the class is entitled to damages and/or some form of restitution, my primary goal was to stop Kellogg from making false claims on its product labels for the Cocoa Krispies and Rice Krispies cereals. I believe that consumers have the right to know the truth about what they are buying and putting into their bodies. I believe that Kellogg should be required to accurately label and advertise its Cocoa Krispies and Rice Krispies so that consumers know what they are buying.

12. I have reviewed the complaint in this case, provided information to counsel, and have been in communication with counsel throughout the period of my involvement in this litigation. I understand the claims asserted in this lawsuit and I am familiar with all the underlying facts of this lawsuit.

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 9, 2010 in Oxnard, California.

/s/ Michelle Weeks



Michelle Weeks
Declarant

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405