# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-08102 MMM (RZx) | Date | September 20, 2010 |

| | |
|---|---|
| Title | *Kammula v. Kellogg Company* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order Re Class Complaint Consolidation; Order Setting Hearing and Supplemental Briefing Schedule

On November 5, 2009, Sabena Lakshmi Kammula filed this action against Kellog Company alleging that it had made false and misleading statements in violation of California's Unfair Competition Law, False Advertising Act and the Consumer Legal Remedies Act.[1] See CAL. BUS. & PROF. CODE § 17200, et seq.; CAL. BUS. & PROF. CODE § 17500, et seq.; CAL. CIV. CODE § 1750, et seq.  On December 9, 2009, plaintiff filed a first amended complaint,[2] and on May 6, 2010, a second amended complaint.[3]  On August 10, 2010, plaintiff filed a motion for class certification.[4]  A hearing on that motion is scheduled for October 18, 2010.

On August 13, 2010, the court consolidated this action with a related case, *Maria Sandoval v. Kellogg Company et al.*[5]  The court's order stated:

---

[1]Complaint, Docket No. 1 (Nov. 5, 2009).

[2]First Amended Complaint, Docket No. 14 (Dec. 9, 2009).

[3]Second Amended Complaint, Docket No. 44 (May 6, 2010).

[4]Motion to Certify Class, Docket No. 64 (Aug. 10, 2010).

[5]Order re Consolidation of Case, Docket No. 65 (Aug. 13, 2010).

"The court has accepted a transfer of Case No. CV 10-05258-RGK to its calendar because it currently has pending before it related Case No. CV 09-08102. The court orders the consolidation of Case No. CV 10-05258 with Case No. CV 09-08102 for all purposes and for trial. For ease of record keeping, the court orders that all further documents and proceedings occur under Case No. CV 09-08102, and that Case No. CV 10-05258 be closed. Counsel are directed to file all further documents under Case No. CV 01-6152-MMM (RNBx) only. The documents should utilize the caption of the original filed case to which they relate.

"In addition, counsel are directed to meet and confer and submit a joint report indicating whether a consolidation class action complaint will be filed, and whether the parties request changes to the schedule on class certification in light of this development."[6]

On September 7, 2010, the parties filed a joint stipulation seeking to modify the briefing of the class certification motion, and to continue the hearing on that motion.[7] Therein, the parties state that they have "not yet decided whether to file a consolidated class complaint . . . and whether a consolidated Motion for Class Certification will be filed."[8]

Rule 42(a) of the Federal Rules of Civil Procedure governs the consolidation of actions and provides that when actions involving a common question of law or fact are pending before the court, it may "order all the actions consolidated[ ] and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." *Hill v. England*, Nos. 1:03-CV-6903 REC TAG, 1:04-CV-5598 REC TAG, 1:05-CV-0869 REC TAG, 2006 WL 1452675, *1 (E.D. Cal. May 25, 2006). See also *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989). "The purpose of consolidation is to avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact." *Hill*, 2006 WL 1452675 at *1 (citing *EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998)).

"The district court has 'broad discretion under this rule to consolidate cases pending in the same district.'" *Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827, *2 (N.D. Cal. Aug. 19, 2002) (quoting *Investors Research Co.*, 877 F.2d at 777); see *Hill*, 2006 WL 1452675 at *1 ("The decision to consolidate in whole or in part rests in the court's discretion," citing *Investors Research Co.*, 877 F.2d at 777). See also *Seguro de Servicio de Salud de Puerto Rico v. McAuto Systems Group*, 878 F.2d 5, 8 (1st Cir. 1989) ("The threshold issue is whether the two proceedings involve a common party and common issues of fact or law. Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that

---

[6]*Id.*

[7]Joint Stipulation to Continue, Docket No. 70 (Sept. 7, 2010).

[8]*Id.* at 1.

procedure is appropriate," citing *New England Energy, Inc. v. Keystone Shipping Co.*, 855 F.2d 1, 7 (1st Cir. 1988).

Here, it appears the benefits of consolidation will be lost if two separate motions for class certification are filed. The same may be true if a consolidated class complaint is not filed. The court therefore directs plaintiffs to show cause why it should not order them to file a consolidated complaint and a single motion for class certification. Plaintiffs' response to this order to show cause should be filed no later than **October 4, 2010.**

Pending receipt of plaintiffs' response, the court continues the hearing on the pending motion for class certification to **November 22, 2010 at 10:00 a.m.** Defendant may filed supplemental opposition to the motion on or before **October 18, 2010.**[9] Plaintiffs may file a reply on or before **November 1, 2010.**

.

---

[9]This aspect of the court's order effectively grants defendant's ex parte application filed September 17, 2010. No further order on that application will be forthcoming.