UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE WEEKS and MARIA SANDOVAL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KELLOGG COMPANY, a Delaware corporation; KELLOGG USA, INC., a Michigan corporation; KELLOGG SALES COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. CV 09-08102 (MMM) (RZx)<br><br>Hon. Margaret M. Morrow<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

The parties to this litigation have entered into a Stipulation of Settlement ("Stipulation") dated January 19, 2011, which if approved, would resolve this putative class action. Plaintiffs have filed a motion for preliminary approval of the Stipulation, which Defendant Kellogg supports.

The Court has read and considered the Stipulation and all exhibits thereto, including the proposed class notice and claim form, and finds there is sufficient basis for: (1) granting preliminary approval of the Stipulation of Settlement; (2) certifying a class for settlement purposes; (3) appointing Plaintiffs Michelle Weeks, Maria

Sandoval and Katie Dintelman as Class Representatives and their counsel as Class Counsel; (4) granting leave to file a Consolidated Fourth Amended Complaint for the purpose of adding Katie Dintelman as a class representative and bringing suit on behalf of a nationwide Class; (5) directing that Notice be disseminated to the Class; and (6) setting a hearing at which the Court will consider whether to grant final approval of the Settlement.

The Court now GRANTS the motion for preliminary approval and makes the following findings and orders:

1. The Court preliminary certifies, for settlement purposes only, the following settlement class (the "Class") pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons or entities in the United States who purchased the Product between June 1, 2009 and March 1, 2009. Excluded from the Class are Kellogg's employees, officers, directors, agents and representatives and those who purchased the Product for the purpose of resale.

For purposes of the Stipulation, "Product" means the Rice Krispies® and Cocoa Krispies® branded cereals that are the subject of the Litigation.

2. The Court approves Plaintiffs Michelle Weeks, Maria Sandoval and Katie Dintelman as Class Representatives.

3. The Court appoints the following law firms to serve as Class Counsel: Milstein Adelman, LLP; Whatley Drake & Kallas, LLC; Law Offices of Howard Weil Rubinstein; Kirtland & Packard, LLP; Becker, Paulson, Hoerner & Thompson, P.C.; and, Freed & Weiss, LLC.

4. The Court grants plaintiffs leave to file a Consolidated Fourth Amended Complaint for the purpose of adding Katie

Dintelman as a class representative and alleging a nationwide Class. Plaintiffs must file the amended complaint within ten (10) days of the date of entry of this Order.

5. The Court finds, for purposes of settlement only, that the settlement Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure. Joinder of all Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among Class Members and predominate over questions affecting individual Class Members only; in particular, each Class Member's claims depend on whether the Immunity Claims made by Kellogg on the packaging, labeling and advertising of Cocoa Krispies and Rice Krispies were true or false. The named plaintiffs' claims are typical of, indeed identical to, those of the Class, as the named plaintiffs were exposed to the Immunity Claims and purchased the Product in reliance on those claims. The named plaintiffs and their counsel will fairly and adequately protect the interests of the Class as the named plaintiffs have no interests antagonistic to the Class, and have retained counsel who are experienced and competent to prosecute this matter on behalf of the Class. Finally, a class settlement is superior to other methods available for a fair resolution of the controversy.

6. The Court preliminary approves the proposed Stipulation of Settlement, finding that its terms appear sufficient and fair, reasonable and adequate to warrant dissemination of notice of the proposed settlement to the Class. The Stipulation contains no obvious deficiencies and the parties have entered into the

1 Stipulation in good faith, following arms-length negotiation between their respective counsel.

7. The Court approves the form and procedure for disseminating notice of the proposed settlement to the Class as set forth in the Stipulation. It finds that the notice the parties propose to give constitutes the best notice practicable under the circumstances, and constitutes valid and sufficient notice to the Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

**8.** Within 30 days after the date of entry of this Order, Kellogg shall cause the Notice to be disseminated in substantially the form attached hereto as Exhibit 1. It shall also disseminate the Claim Form in substantially the form attached hereto as Exhibit 2, and cause it to appear in those media and Internet outlets identified in the media plan agreed to by the Parties.

**9.** As set forth in the Stipulation, Kellogg shall bear all costs and expenses associated in with providing notice to the Class, complying with 28 U.S.C. § 1715(b) and administering the proposed settlement.

10. A hearing on final approval of the Settlement Agreement, an award of fees and expenses to Class Counsel, and incentive payments to the named plaintiffs (the "Fairness Hearing") shall be held at 10 a.m. on Monday, August 29, 2011, before the undersigned in Courtroom 780 of the United States District Court for Central District of California, 255 East Temple Street, Los Angeles, CA 90012. At the Fairness Hearing, the Court will consider: (a) whether the Settlement should be approved as fair, reasonable, and adequate for the class; (b) whether a judgment granting approval of

the Settlement and dismissing the lawsuit with prejudice should be entered; and (c) whether Class Counsel's application for attorneys' fees and expenses and incentive awards for the named plaintiffs should be granted.

11. Class Counsel shall file an application for attorneys' fees and costs and incentive awards to the named plaintiffs ("Fee Application") no later than July 18, 2011.

12. Counsel for the respective parties shall file memoranda, declarations, and other statements and/or materials in support of the request for final approval of the parties' Settlement no later than July 25, 2011.

13. No later than fourteen days prior to the Fairness Hearing, Kellogg, through its claims administrator, shall file an affidavit and serve a copy on Class Counsel, attesting that notice was disseminated as required by the terms of the Stipulation of Settlement or as ordered by the Court.

14. Any member of the Class who intends to object or comment on the request for final approval of the Stipulation of Settlement or on the Fee Application must, on or before July 25 2011 file his or her objection or comment with the Court, and provide copies of the objection or comment to: (1) the Court; and (2) Class Counsel.  To state a valid objection to the Settlement, a Class Member must provide the following information: (a) the full name, address and telephone number of the Settlement Class Member; (b) a written statement of all grounds for the objection accompanied by legal support for the objection; (c) a statement as to whether the Settlement Class Member intends to appear at the Final Approval Hearing; (d) proof of membership in the Class; and,

(e) the signature of the Settlement Class Member or her/his counsel. Any objection to the requested attorneys' fees shall include the information outlined in subsections (a) through (e) above. In addition, any Class Member objecting to the Settlement shall provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class actions pending in any court in the United States, state or federal, in the previous five (5) years. If the Class Member or his/her/its counsel has not objected to any other class action settlement in the previous five (5) years, he/she/it shall affirmatively so state in the objection that is file.

15. Any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing to show cause why the proposed Settlement should not be approved as fair, adequate and reasonable, or to object to any application for attorneys' fees, incentive awards, and reimbursement of litigation costs and expenses, but only if the class member has first filed written objections to the proposed settlement by the deadline set forth in this order. The objecting Class Member must file and serve on all counsel designated in the Class Notice, a notice of intention to appear at the Fairness Hearing ("Notice of Intention to Appear") by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Fairness Hearing. Any Class Member who does not provide a Notice of Intention to Appear by the deadline set forth in this order, and who does not file an objection that complies with the requirements set forth in this order and the

Class Notice, will be deemed to have waived any objections to the Settlement and will be barred from speaking or otherwise presenting views at the Final Approval Hearing.

16. Any Class Member shall have the right to opt out of the Class and the Settlement by sending a written request for exclusion from the Class to the addresses listed in the Notices, postmarked or delivered no later than thirty (30) days before the Final Approval Hearing. To be effective, a Request for Exclusion shall: (i) state the Class Member's full name and current address; (ii) specifically and clearly state the Class Member's desire to be excluded from the Settlement Class; and (iii) be signed by the Class Member or his/her/its counsel. Any Class Member who does not submit a timely and valid request for exclusion shall be subject to and bound by the Stipulation and every order or judgment entered concerning the Stipulation.

17. If a Class Member files an objection to the settlement, Class Counsel or Kellogg's attorney may depose the objector consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and seek to have the objector produce documentary evidence or other tangible things relevant to the objection. An objector's failure to make him or herself available for deposition or to comply with expedited discovery requests may result in the Court striking the objector's objection and otherwise affect that person's substantive rights. The Court reserves the right to tax the costs of such discovery to the objector or the objector's counsel should it determine that the objection was frivolous or was made for an improper purpose.

18. The procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement Agreement so as to protect the due process rights of all Class Members.

19. No later than August 15, 2011, the Parties shall file any reply in support of final approval of the Stipulation, and Class Counsel shall file any reply in support of the Fee Application.

20. The Court reserves the right to adjust the date of the Fairness Hearing and related deadlines. If dates are altered, the revised hearing date and/or deadlines shall be posted on the settlement website referenced in the Class Notice. The parties will not be required to re-send or re-publish Class Notice.

DATED: May 9, 2011

_____
HON. MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE