GEORGE AZADIAN (SBN 253342)
Email: george@ctmesq.com
**THE MATHEWS LAW GROUP**
2596 Mission Street, Suite 204
San Marino, CA  91108
Voice: (626) 683-8291

DANIEL GREENBERG (*pro hac vice* pending)
Email: dngrnbrg@gmail.com
**CENTER FOR CLASS ACTION FAIRNESS LLC**
**GREENBERG LEGAL SERVICES**
55 Fontenay Circle
Little Rock, AR  72223
Voice: (501) 588-4245

THEODORE H. FRANK (SBN 196332)
Email: tedfrank@gmail.com
**CENTER FOR CLASS ACTION FAIRNESS LLC**
1718 M Street NW, No. 236
Washington, DC 20036
Voice: (703) 203-3848

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE WEEKS, *et al.*,<br>    *Plaintiffs,*<br><br>v.<br><br>KELLOGG COMPANY, *et al.*,<br>    *Defendants.*<br><hr>Nicholas John Stehle,<br>    *Objector.* | Case No. CV-09-08102 (MMM) (RZx)<br><br>**DECLARATION OF DANIEL GREENBERG IN SUPPORT OF OBJECTION OF NICHOLAS STEHLE**<br><br>Judge:   Hon. Margaret M. Morrow<br><br>**CLASS ACTION** |

I, Daniel Greenberg, declare as follows:

1. I have knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I am senior counsel for the Center for Class Action Fairness LLC, a nonprofit project which represents class members in class actions. Through the Center, I represented Objector Nicholas John Stehle in *Weeks v. Kellogg Co.* I am submitting this declaration so that it may be relied upon to award attorneys' fees, costs, and a class member incentive payment.

3. The Center has limited resources: it evaluates many more class action settlements and requests by putative clients for representation than it is able to take on, and it often must refuse to engage in meritorious objections. The Center's objection in this action required it to incur real and significant opportunity costs.

4. The Center is a non-profit litigation project, and non-profit litigators are entitled to seek attorneys' fees. *See, e.g., In re Primus,* 436 U.S. 412 (1978), 427-33 (non-profit litigators who request fees are protected by the First Amendment); *Blum v. Stenson*, 465 U.S. 886, 894-95 (1984) (pro bono publico representation not grounds for reducing attorneys' fees) (42 U.S.C. § 1988); *Cuellar v. Joyce*, 603 F.3d 1142 (9th Cir. 2010) ("The fact that Cuellar's lawyers provided their services pro bono does not make a fee award inappropriate."). *Cf. also Morrison v. CIR*, 565 F.3d 658 (9th Cir. 2009).

5. The Center complies with a conservative interpretation of federal tax law which limits the amount of fees that it may recover in any given year.

I. **PROCEDURAL HISTORY.**

6. Just before the beginning of the fairness hearing in this case, this Court issued a Tentative Order Conditionally Denying Final Settlement Approval.

7. It is my judgment that this Court, in that Order, requested that the parties modify the proposed settlement in a manner which would materially benefit the class, and

1  that the parties then modified the proposed settlement in a manner which did indeed
2  materially benefit the class. In particular, the court suggested the removal of several *cy*
3  *pres* beneficiaries from the settlement, specified a new metric for the valuation of the *cy*
4  *pres* donations, and reduced attorneys' fees significantly in a manner which materially
5  benefited the class. Stehle has previously briefed these issues in his Response to the
6  Amended and Supplemental Stipulation of Settlement. Dkt. No. 154.

7  8. It is my judgment that Stehle's objection materially contributed to the
8  benefits which will be realized by the class, should the modified settlement proposal be
9  approved.

10  9. Stehle acknowledges that it is within the court's discretion to approve the
11  modified settlement proposal. Stehle continues to object to some aspects of the notice and
12  settlement and hopes that this Court's opinion on these subjects continues to address these
13  issues favorably. However, he has previously and unilaterally acknowledged (without any
14  quid pro quo consideration) that any defects of the modified settlement proposal were
15  sufficiently minor such that it was not worth engaging the limited resources of the Center
16  to further litigate against settlement approval.

18  **II. THE PARTIES HAVE REACHED AN AGREEMENT WITH**
19  **RESPECT TO STEHLE'S REQUEST FOR FEES, EXPENSES, AND CLASS**
20  **MEMBER INCENTIVE PAYMENT.**

22  10. In Stehle's response to the modified settlement proposal, he gave notice to
23  this Court that counsel would submit a request for compensation at the appropriate time.
24  In that response, Stehle said that the sum of all fees, costs, and class member incentive
25  payments requested by counsel would be just under $34,000.
26  11. Earlier this week, after some negotiation, plaintiffs and I reached an
27  agreement over matters of compensation. Plaintiffs agreed not to oppose a request for
28  attorneys' fees, costs, and incentive award by Stehle. In consideration for this agreement

from plaintiffs, I agreed not to request more than $21,700 for the sum of attorneys' fees, costs, and incentive payment (of which $700 would be set aside as an incentive payment for Stehle), and that this sum of $21,700 would be deducted from class counsel's fee award.

12. The plaintiffs dispute my judgment that Stehle's objection improved the proposed settlement, but they wish to resolve these collateral matters in the interest of time and efficiency.

13. Stehle has not offered any other consideration in exchange for plaintiff's agreement not to oppose this fee request. He has not withdrawn his objection. He will not accept any fee or incentive award greater than that awarded through the judicial process.

14. Stehle reserves the right to appeal a district court decision denying attorneys' fees.

### III. THE FEE, EXPENSE, AND CLASS MEMBER INCENTIVE PAYMENT REQUEST FROM STEHLE IS REASONABLE.

15. The staff and associates of the Center for Class Action Fairness spent substantial time on this case; in my judgment, they have vigorously represented the best interests of Stehle in particular and the class in general.

16. As discussed in Stehle's response to the parties' modified settlement proposal of September 19, 2011, Stehle will request substantially less than he is entitled to request either on a percentage-of-recovery basis or on a lodestar basis.

17. The expenses pertaining to this case are reflected in the books and records of the Center for Class Action Fairness. These books and records are prepared from expense vouchers, check records, and other documents: they are an accurate record of expenses.

18. The Center's lead attorney, Theodore H. Frank, based out of Washington, DC, graduated from the University of Chicago Law School with high honors in 1994. He is an elected member of the American Law Institute. Frank is a nationally-recognized

expert on class action settlements: he has testified before federal and state legislative subcommittees on the subject and he has been invited to speak on class actions at law schools across the country, as well as the American Bar Association's National Institute on Class Actions, the Institutional Investor Educational Foundation Global Shareholder Activism Conference, and conferences organized by the Federalist Society and the American Constitution Society. He spent over 16 hours on this case, including advisory and editorial work, researching legal issues, communicating with potential clients, and compiling and drafting the declaration required by the court's preliminary approval order. His billing rate, consistent with attorneys of his skill and experience, was $700/hr. in this case.

19.  Center Senior Counsel Daniel Greenberg, lead attorney in this matter, spent 82.9 hours on this case. Greenberg has been a solo law practioner since 2007: he is a former county and state legislator and adjunct professor of law at the University of Arkansas (Little Rock) Bowen School of Law. With respect to the four class actions in which he has represented objectors for the Center for Class Action Fairness and in which the court has issued an order, in each of those four actions the court has either struck down the settlement or (in Greenberg's judgment) succeeded in materially modifying it so as to benefit the class. Greenberg spent 34.6 hours writing the initial objection in this case, 1.1 hours writing a supplementary declaration, 13.3 hours writing a response to the modified settlement proposal, 16.3 hours preparing for the hearing, 2.2 hours appearing there, 8.2 hours traveling, and 4.5 hours on client communication and related administrative matters. His billing rate, consistent with attorneys of his skill and experience, is $400/hr.

20.  Attorney Adam Shulman spent 17.4 hours on this case, providing research and writing assistance. Shulman, a 2010 graduate of the Georgetown University Law Center and a former Legal Fellow of the Student Press Law Center, works in Washington, D.C. full-time on class-action matters. His billing rate, consistent with attorneys of his skill and experience, is $200/hr.

21. Local counsel George Azadian, graduated in the top 2% of his law school class at UCLA. He spent 3.7 hours on this case, assisting with filing and local rule compliance. His billing rate, consistent with attorneys of his skill and experience, is $415/hr.

22. Based on the above hours and hourly rates listed, the Center's fee lodestar is over $49,000.

23. The awardable expenses incurred for this case total $580.39. They consist of travel expenses (airfare, cabfare, hotel stay, and food) of $491.59 and printing and mailing expenses of $88.80.

24. A modest class member incentive payment of $700 for Stehle is justified because of his willingness to step forward and represent his interests and the interests of the class, subjecting himself to the risk of deposition. The Center has learned from experience that the risk of deposition has, in the past, deterred other class members from objecting.

25. Stehle will request full reimbursement of costs ($580.39), and a $700 class member incentive payment. Stehle's effective request of fees, under the agreement with plaintiffs, will be at most $20,419.61, which will constitute less than 42% of his counsel's fee lodestar. The sum of these three dollar figures is $21,700.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 28, 2011, in Little Rock, Arkansas.

*/s/ Daniel Greenberg*
Daniel Greenberg

# CERTIFICATE OF SERVICE

I hereby certify that on this day I filed the foregoing with the Clerk of the Court, and served true and correct copies upon class counsel and defendants' counsel via first class mail at the addresses below.

United States District Court
Central District of California
Roybal Federal Building
255 East Temple Street
Los Angeles, CA  90012

Gillian L. Wade
Sara D. Avila
Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, CA  90405

Dean N. Panos
Richard P. Steinken
Jenner & Block LLP
353 N. Clark Street
Chicago, IL  60654-3456

DATED this 28th day of September, 2011.

*(s) Daniel Greenberg*

Daniel Greenberg