E-Filed: 11.23.11

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE WEEKS, KATIE DINTELMAN and MARIA SANDOVAL, each individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>KELLOGG COMPANY, a Delaware corporation; KELLOGG USA, INC., a Michigan corporation; KELLOGG SALES COMPANY, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. CV 09-08102 MMM (RZx)<br><br>JUDGMENT |

On November 23, 2011, the court entered an order finally approving the parties' settlement of this action and approving an award of attorneys fees' and incentive awards.  Therefore,

IT IS ORDERED AND ADJUDGED:

1.  This Judgment incorporates by reference the definitions in the Stipulation of Settlement dated January 10, 2011 and the Amended and Supplemental Stipulation of Settlement dated September 12, 2011 (collectively, "Stipulation"), and all terms

     used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully here.

2.    The court has jurisdiction over the subject matter of this action and all parties to the action, including all Settlement Class Members.

3.    Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the court certifies the following class:

> All persons who purchased in the United States Kellogg's Rice Krispies cereal or Cocoa Krispies cereal between June 1, 2009 and March 1, 2010. Excluded from the Class are Defendants' officers, directors and employees, and those who purchased the products for the purpose of resale.

4.    Pursuant to Rule 23(c)(3), all Persons who satisfy the Class definition above, except those class members who timely and validly excluded themselves from the class, are Settlement Class Members bound by this judgment.

5.    Pursuant to Rule 23(a), the court finds that plaintiffs Michelle Weeks, Maria Sandoval and Katie Dintelman are members of the class, their claims are typical of the class, and they fairly and adequately protected the interests of the class throughout the proceedings in the litigation. Accordingly, the court appoints Michelle Weeks, Maria Sandoval and Katie Dintelman as class representatives.

6.    The Court finds that the class meets all requirements of Rule 23(a) and (b)(3) for certification of the class claims alleged in the complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among the Settlement Class; and (f) superiority.

7.    Having considered the factors set forth in Rule 23(g)(1), the Court finds that class counsel fairly and adequately represented the class for purposes of entering into and implementing the settlement, and thus appoints class counsel as counsel to represent

the Settlement Class Members.

8. The list of persons excluded from the class because they filed valid requests for exclusion ("Opt-Outs") is attached hereto as Exhibit B.  Persons who filed timely, completed Opt-Outs are not bound by this judgment or the terms of the Stipulation and may pursue their own individual remedies against defendant.  However, such persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Stipulation.

9. The court directed that class notice be given to class members pursuant to the notice program proposed by the parties and approved by the court.  In accordance with the court's preliminary approval order and the ourt-approved notice program, the Class Action Settlement Administrator caused to be posted and mailed or emailed to identified potential class members who so requested the Notice of Class Action Settlement, which is Exhibit C to this judgment, and caused to be published the Publication Notice of the proposed settlement, which is Exhibit D to this judgment (together the "Class Notice"). The Declaration of Garden City Group, Inc., attesting to the dissemination of the class notice, demonstrates compliance with the preliminary approval order. The class notice advised class members of the terms of the settlement; of the settlement approval hearing, and of their right to appear at the hearing; of their right to remain in, or opt out of, the class and to object to the settlement; the procedures for exercising such rights; and the binding effect of this judgment, whether favorable or unfavorable, on the class.

10. The distribution of the class notice constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Rule 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.

11. Pursuant to Rule 23(e)(2), the court finds after a hearing and based upon all submissions of the parties and interested persons, that the settlement proposed by the parties is fair, reasonable, and adequate. The terms and provisions of the Stipulation are the product of lengthy, arms-length negotiations conducted in good

|   |   |   |
|---|---|---|
|   |   | faith and with the assistance of an experienced mediator, Edward Panelli of the San Francisco office of JAMS. Approval of the Stipulation will result in substantial savings of time, money and effort to the court and the parties, and will further the interests of justice. |
|   | 12. | All class members who have not timely and validly filed opt-outs are Settlement Class Members who are bound by this judgment and by the terns of the Stipulation. |
|   | 13. | None of the settlement, this judgment, nor the fact of the settlement constitutes any admission by any of the parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the litigation. |
|   | 14. | The court has considered the parties' submissions and all other relevant factors, including the result achieved and the efforts of class counsel in prosecuting the claims on behalf of the class. Plaintiffs initiated the litigation, acted to protect the class, and assisted their counsel. The efforts of class counsel have produced the Stipulation, which was entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the class. Class counsel are entitled to a reasonable fee and expense award for their work; the court finds $879,237 to be a reasonable fee amount. The court also awards counsel $19,418.64 in costs. Each plaintiff is entitled to receive an incentive award of $5,000. Pursuant to the stipulation between plaintiffs and Objector Nicholas John Stehle, Stehle and his counsel are entitled to $21,700 of the total fee award, and class counsel is entitled to the balance of the $857,537. |
|   | 15. | The court dismisses the action with prejudice, and dismisses all Released Claims and all Released Persons with prejudice and without the recovery of costs except as specified herein. |
|   | 16. | Without affecting the finality of this judgment, the court reserves jurisdiction over the implementation, administration and enforcement of the judgment and the Stipulation, and all matters ancillary thereto. |

4

17. Without need to seek further approval from the court, the parties are authorized to agree to and adopt such modifications and expansions of the Stipulation, including without limitation, the forms to be used in the claims process, so long as they are consistent with this judgment and do not limit the rights of class members under the Stipulation.

DATED: November 23, 2011

*Margaret M. Morrow*
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE